IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | |
|---|---|
| ROBERT GREEN, Plaintiff, | § § § § |
| VS. | § CIVIL ACTION NO._____ § |
| HOUSTON INDEPENDENT SCHOOL DISTRICT, Defendant | § JURY DEMAND § § § |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROBERT GREEN, hereinafter called Plaintiff, files his Complaint against Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as "HISD") and, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff ROBERT GREEN resides in Texas.

2. Defendant Houston Independent School District, is a school district which encompasses Houston, Texas and surrounding towns. Defendant may be served with a summons by serving the Board President, Juliet Stipeche at 440 West 18th Street, Houston, Texas 77092-8501.

### JURISDICTION

3. This action arises under 28 U.S.C § 1331.

1



4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## NATURE OF ACTION

5. This is an action under the Civil Rights Act of 1964, as amended, Title 42 U.S.C. Section 2000e et. seq., as amended by to correct unlawful employment practices on the basis of race, racially hostile working environment, harassment and retaliation and common law breach of contract.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with. All internal grievance procedures with HISD have been satisfied. Externally, a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days (300 days) of the acts complained of herein. Plaintiff's Complaint was filed within ninety (90) days of his receipt of the Notice of Right to Sue from the EEOC. Robert Green has exhausted all administrative remedies.

## FACTS

7. Robert Green and African American was employed by Houston Independent School District in April 2013, as a 4th Grade Self-Contained Teacher. Around April 12, 2013, Green was informed that his contract would not be renewed due to job performance. There were no job performance issues that he was aware of. This was a pretext to disguise unlawful discriminate and retaliation. Green

promptly filed all of the required grievances with the school district to appeal the Superintendent's recommendation the decision to uphold the Superintendent's recommendation became final on March 6, 2014 by Houston Independent School Districts Board of Education's ratification of the decision.

8. On or about August 26, 2013, Green became aware that a non-black, Teacher, who had job performance issue probationary contract was renewed. Green previously worked as a teacher for HISD dating back to 1990-1999 for nine years with no job performance or any problems. Green would have been eligible for a term contract staring the 2013-2014 year. Currently Green has filed suing in federal court regarding discriminating in an employment matter against another surrounding school district. Green believe that because of his lawsuit against another school district and him engaging in a protected activity, HISD's knowledge of the pending lawsuit, there was an immediate attack on his job performance and reputation after the former principal, Mr. Bruce Goffney retired; because there were no job performance issues. Green received a good evaluation dated November 2012 which was signed by Mr. Goffney and Green.

9. Mr. Toren Wooldridge came to Bastian Elementary in March 2013 and there was an immediate attack concerning alleged job performance. Green didn't receive an evaluation from Mr. Wooldridge, who had a matter of days to observe his job performance. Mr. Wooldridge had no basis for recommending my contract to be non-renewed for the 2013-2014 year. If there were deficiencies, Mr. Wooldridge didn't provide Mr. Green the opportunity to correct the alleged deficiencies before recommending Mr. Green's contract not be renewed. Mr. Wooldridge created a racially hostile working environment by falsely claiming that Green threatened him

3

which was reported to Chief Elementary Officer Ms. Karla Loria. The claim was never substantiated. In fact, Mrs. Gail Fallon, the Union Representative can personally attest to the false accusation. Mr. Wooldridge, on the other had did threaten Mr. Green by challenging him to resolve their conversation in his office in the parking lot at 2:30 after school

10. Mr. Green filed a dual charge of discrimination with the EEOC and the Texas Workforce Commission Civil Rights Division.

## RACE DISCRIMINATION

11. Defendant, Houston Independent School District, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of his race, black.

12. Defendant, Houston Independent School District, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race, black in violation of 42 U.S.C. Section 2000e (2) (a).

13. Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

14. The unlawful employment practices of Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, specifically Mr. Wooldridge, subjected Mr. Green to disparate treatment. Because of his race.

15. Plaintiff alleges that Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, discriminated against Plaintiff on the basis of race, with malice or with reckless indifference to the federal-protected rights of Plaintiff.

## RETALIATION BY HISD

16. Plaintiff alleges that HISD instituted a campaign of retaliation which included non-renewed contract, racially hostile working environments, harassment and falsely accused him of poor job performance . This retaliation was and is due to Plaintiff exercising his rights by filing internal grievances. Plaintiff suffered damages for which Plaintiff herein sues. Defendant, Houston Independent School District, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff in retaliation against Robert Green for engaging in protected activity.

17. Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff engaging in legally protected activity, in violation of 42 U.S.C. Section

2000e (2) (a).

18. Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to female, nonblack employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

19. The unlawful employment practices of Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, specifically Mr. Wooldridge, subjected him to disparate treatment because of his race, Black.

20. Plaintiff alleges that Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT, by and through Defendant's agents, discriminated against Plaintiff in retaliation against him for engaging in legally protected activity, with malice or with reckless indifference to the federal-protected rights of Plaintiff.

## RESPONDEAT SUPERIOR AND RATIFICATION

21. Whenever in this complaint it is alleged that the Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT, did any act of discrimination, breach of contract or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## BREACH OF CONTRACT

22. Defendant, HOUSTON INDEPENDENT SCHOOL DISTRICT, by and

through Defendant's agents, also breached Robert Green's contract of employment by failing to follow its own disciplinary policy, performance policy and harassment policy. The failure of HISD to follow HISD's own policy and practices caused Robert Green to suffer injury and damages. The injury and damages included the discharge of his employment, the non-renewal of his contract, placing Green on, condoning the harassment and failure to r thoroughly investigate the allegations of discrimination to a conclusion, etc.

## DAMAGES

23. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove and seeks:

    a. Back pay and front pay;

    b. All reasonable and necessary Attorney's fees and expenses incurred by or on behalf of Plaintiff in this litigation;

    c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pain;

    f. Expert fees as the Court deems appropriate;

    g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    h. Inconvenience;

    i. Interest Loss of enjoyment of life;

j. Mental anguish in the past;

k. Mental anguish in the future;

l. Reasonable medical care and expenses in the past. These expenses were incurred by Robert Green and such charges are reasonable and were usual and customary charges for such services in Galveston County, Texas

m. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

n. Loss of earnings in the past;

o. Loss of earning capacity which will, in all probability, be incurred in the future;

p. Loss of benefits;

q. Humiliation;

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Robert Green, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s/ *Debra V. Jennings*

Debra V. Jennings

Law Office of Debra Jennings
Fed ID 14373
6140 HWY 6, #269
Missouri City, TX 77459
(832) 230-4455
(1832) 442-3700 fax
lawyerdvj@yahoo.com
Attorney for Plaintiff

9